

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S.B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion No. O-1213
Re: Game and Fish Laws - game pre-
serves - fish hatcheries

Your request for opinion has been received by this department. We quote from your letter as follows:

"The following question has arisen:

"Is it unlawful to take or catch fish from any stream or pool within the exterior boundaries of a game preserve provided that the private owners consent to enter upon the land and fish is obtained and, further provided that none of the general laws of the State, and none of the special laws applicable to certain counties are violated in the catching or taking thereof.

"Article 917, Game Preserves, Vernon's Annotated Criminal Statutes of the State of Texas, Penal Code, Vol. 2 provides for the acquisition of State game preserves and further provides that it shall be unlawful for any person to hunt, pursue, shoot at, kill, take, destroy, or in any manner molest any of the game birds or game animals within the exterior boundaries of any game preserves, and any person who shall violate any provision of this chapter shall be deemed guilty of a misdemeanor; upon conviction shall be fined not less than $50.00, nor more than $200.00.

"Article 978a trespass on hatchery or reservation provides as follows:

Honorable S. B. Buchanan, Jr., Page 2

"Any person entering and trespassing on the grounds of any State fish hatchery or on the grounds set aside by the State for the propagation and keeping of birds and animals without the permission of the Commissioner or Deputy in charge of such reservation, shall be fined not less than $10.00, nor more than $25.00.

"The opinion given to the above question based upon the two statutes cited above was, in effect; that in all probability under Article 917 it would not be a violation of the law to take fish from a pool or stream within the boundaries of a game preserve assuming that none of the pools or portions of the streams from which they were taken were set aside as fish hatcheries or sanctuaries, but on the other hand, under Article 978a it would be necessary to obtain the permission of the State game Commissioner or Deputy in charge of the reservation before entrance upon such reservation would be lawful. This opinion was given in full cognizance of the fact that a fish is defined as a vertebrate animal, but with the belief that it was not the intention of the Legislature to make it a violation of the law to take or catch fish from waters within a game preserve as defined in Article 917."

Article 917, Penal Code of Texas, reads as follows:

"Game preserves - how acquired. - Any person, firm or corporation owning and in possession of lands in the State of Texas, may transfer by an instrument of writing, duly acknowledged before an officer, authorized under the laws of this State to take acknowledgments, to the State of Texas the right to preserve, protect and introduce for propagation purposes any of the game birds or game animals mentioned in this chapter on the lands mentioned therein, for a period of not less than ten years. Such instrument of writing shall be filed in the office of the Game, Fish and Oyster Commissioner, whereupon the Game, Fish and Oyster Commissioner

may at his discretion declare the lands described in said instrument a State Game Preserve, and thereafter for the period named therein shall for all the purposes relating to the preservation, protection and propagation of game birds and game animals be under the control of the Game, Fish and Oyster Commissioner. The aggregate acreage of all preserves which may be designated in any one county shall never exceed ten per cent of the total acreage of such county. Such preserves shall be numbered in the order of the filing of the instrument therefor. The Game, Fish and Oyster Commissioner shall cause notices to be prepared containing the words 'State Game Preserve,' 'Trespassing Prohibited,' and cause such notices to be posted at each gate or entrance thereto. All State game preserves established under the provisions of this chapter shall for all purposes of preservation, protection and propagation of game birds and game animals thereon be under the control and management of the Game, Fish and Oyster Commissioner, and he and his deputies may at all times enter in and upon such preserves in the performance of their duties.

"It shall be unlawful for any person to hunt, pursue, shoot at, kill, take, destroy, or in any manner molest any of the game birds or game animals within the exterior boundaries of any game preserve, and any person who shall violate any provision of this chapter shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars."

Article 978j, Penal Code of Texas, reads as follows:

"Trespass on hatchery or reservation. - Any person entering and trespassing on the grounds of any State fish hatchery or on the grounds set apart by the State for the pro-

pagation and keeping of birds and animals, without the permission of the Commissioner or deputy in charge of such reservation, shall be fined not less than ten nor more than twenty-five dollars."

Article 978b, Revised Civil Statutes of Texas, reads as follows:

"Protecting fish and game in hatchery. - Whoever shall take, injure or kill any fish kept by the State in its hatcheries, or any bird or animal kept by the State on its reservation grounds or elsewhere for propagation or exhibition purposes, shall be fined not less than fifty nor more than two hundred dollars!"

Article 925, Penal Code of Texas, reads as follows:

"Taking fish without consent of owner. - Whoever shall take, catch, ensnare or trap any fish by means of nets or seines or by poisoning, polluting, or by use of any explosive, or by muddying, ditching or draining in any lake, pool or pond in any county in this State without the consent of the owner of such lake, pool or pond, shall be fined not less than ten nor more than one hundred dollars. In prosecutions hereunder the burden to prove such consent shall be upon the defendant.

Article 1377, Penal Code of Texas, reads as follows:

"Entering inclosed land to hunt or fish. - Whoever shall enter upon the inclosed land of another without the consent of the owner, proprietor or agent in charge thereof, and therein hunt with firearms or thereon catch or take or attempt to catch or take any fish from any pond, lake, tank or stream, or in any manner depredate upon the same, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not less than $10.00 nor more than $200.00 and by a forfeiture of his hunting license and the right to hunt in the State of Texas for a period of one year from the date of his conviction. By 'inclosed lands' is meant

Honorable S. B. Buchanan, Fr., Page 5

such lands as are in use for agriculture or grazing purposes or for any other purpose, and inclosed by any structure for fencing either of wood or iron or combination thereof, or wood and wire, or partly by water or stream, canyon, brush, rock or rocks, bluffs or island. Proof of ownership or lease may be made by parol testimony. Provided, however that this Act shall not apply to inclosed lands which are rented or leased for hunting or fishing or camping privileges where the owner, proprietor, or agent in charge or any person for him by any and every means has received or contracted to receive more than twenty-five cents per acre per year on any part of a year for such hunting, fishing or camping privileges, or where more than $4.00 per day per person is charged for such hunting, fishing or camping privileges. And provided further this exemption shall exist for a period of one year from the date of the receipt of such sum or sums of money.

"Sec. 2. Any person found upon the inclosed lands of another without the owner's consent shall be subject to arrest ahy any peace officer, and such arrest may be made without warrant of arrest."

" 'Game' as here used refers to animals commonly so classified - the term including not only four-footed mamals but also birds and water fowls. This article accordingly treats of the property right in such animals, the right to hunt them, the control and regulation of hunting, the sale and disposal of them, offenses against the game laws, and of the preservation, protection, and propagation of game. Animals generally (especially domestic animals), the destruction of predatory animals, and fish and fishing regulations are the subjects of independent treatment. . . ." 20 Tex. Jur., sec. 1, pp. 585-6.

"The term 'fish' is here used in its generic sense, as being descriptive of marine life generally, including oysters, clams, shrimp, crabs,

terrapins, turtles, etc. Other articles present the law concerning animals in general, food, vessels, and waters and navigation . . ." 19 Tex. Jur., sec. 1, p. 688.

The Texas Legislature has enacted many separate, voluminous and comprehensive statutes relating to fish, to game animals and to game birds. It is the opinion of this department that where the Legislature has enacted a comprehensive law dealing with "game animals" and "game birds" that it did not intend to include the term "fish" within the definition of "game animal".

Therefore, you are respectfully advised that it is the opinion of this department that you are correct in your interpretation of this question. You are, therefore, respectfully advised that it is the opinion of this department that if a person who desires to fish has the permission of the private owners of the land within the exterior boundaries of the game preserve to enter upon the land and fish, and that such person has the permission of the State Game Commissioner or the deputy in charge of the reservation to enter upon such reservation and fish, and that none of the pools or portions of the streams from which the fish are taken are set aside as fish hatcheries or sanctuaries, and further provided that none of the general laws of the State and none of the special laws applicable to such county are violated in the catching or taking of the fish, then under such conditions, such person would not violate the law, and could legally fish under such circumstances and conditions.

Trusting that this satisfactorily answers your question, and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:GO

APPROVED AUG 26, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN